The Honorable John Pagan State Senator 6907 Lucerne Drive Little Rock, Arkansas 72205
Dear Senator Pagan:
This is in response to your request for an opinion on the federal "Drug Free Schools and Communities Act" [20 U.S.C. 4601 etseq, (see 20 U.S.C. 2701 et seq.)], and the federal "Drug Free Workplace Act" (41 U.S.C. 701 et seq.), and how these acts relate to a school district personnel policies committee.See A.C.A. § 6-17-203 et seq.
Specifically, you note that it is your understanding that a school district which receives federal funds adopted a drug policy regulating its employees but did not refer this policy to the personnel policies committee pursuant to A.C.A. § 6-17-205
(c). The school district said that it did not have to comply with this state law because of the federal law.
Your question is whether a school district adopting a drug policy for its certified employees pursuant to the federal legislation must submit the policy to the personnel policies committee before adoption by the school board.
It is my opinion that the answer to your question is "yes".
Arkansas Code Annotated § 6-17-205 (c), the section you cite, provides that:
 Either the [personnel policies] committee, or the board of directors may propose new personnel policies or amendments to existing policies, if the proposals by the board have been submitted to the committee at least five (5) working days prior to presentation to the board.
The two federal acts cited above each provide that in order to receive federal funds, each school district must adopt policies or standards of conduct for its employees which prohibit, at a minimum, the unlawful possession, use, or distribution of illicit drugs and alcohol by employees on school premises. 20 U.S.C. 3224a (a)(3); 41 U.S.C. 702 (a)(1)(A).
It is my opinion that the requirements of these federal laws do not operate to suspend the provisions of A.C.A. § 6-17-205, which mandate the submission to the committee of any new personnel policy proposed by the board. This state law requirement of submission to the committee is not inconsistent with the federal requirements such that the federal law would supersede the state law.
The state law clearly provides that any personnel policies proposed by the board shall be submitted to the committee. It is true that if a drug policy meeting the requirements of the federal laws is not adopted, the school district would be ineligible for some federal funding. This fact, however, does not obviate the state law requirement of submission to the committee. The board of directors, of course, retains the final authority as to the implementation of personnel policies. See A.C.A. §6-17-205 (f).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb